UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DRU SPADY, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-11-2526 |
| | § | |
| AMERICA'S SERVICING COMPANY, | § | |
| | § | |
| Defendant. | § | |

# MEMORANDUM OPINION AND ORDER

## I.     Introduction

Pending before the Court is the defendant's, America's Servicing Company, motion for summary judgment.  The plaintiff, Dru Spady, has not filed a response, and the deadline for doing so has now elapsed.  After having carefully reviewed the motion, the record and the applicable law, the Court grants the defendant's motion.

## II.    Factual Background

This case concerns a mortgage foreclosure dispute regarding real property located at 7726 Copper Point Lane, Richmond, Fort Bend County, Texas 77469.  On July 10, 2006, Kim Gaines executed an adjustable rate Note payable to First Franklin, a Division of National City Bank of Indiana, in the original principal amount of $149,424.00, together with an annual interest rate of 7.3%.  The Note was secured by a Deed of Trust concurrently executed by Gaines and the plaintiff, which was recorded in the official public records of Fort Bend County, Texas.  The Deed of Trust lists Mortgage Electronic Registration Systems, Inc. ("MERS") as the nominee. The defendant has been servicing the loan since November 1, 2006.  On September 22, 2006,

Deutsche Bank National Trust Company, as Trustee for FFMLT 2006-FF13 ("Deutsche Bank"), became the current holder of the Note, having acquired it from GS Mortgage Securities Corp.

In March 2010, Gaines defaulted on the Note, and the defendant notified her of that default on April 18, 2010. Neither Gaines nor the plaintiff ever corrected the default. On May 12, 2011, the defendant mailed Gaines and the plaintiff certified letters notifying them that the Note had been accelerated and that the foreclosure sale was scheduled for June 7, 2011.

On May 25, 2011, an appointment of substitute trustee was executed, which was filed in the Fort Bend County public records on June 6, 2011. On June 7, 2011, the property was sold during the foreclosure sale to Deutsche Bank, and a substitute trustee's deed was recorded in Fort Bend County's real property records. On June 8, 2011, the plaintiff filed suit in state court, and the defendant timely removed the case to this Court, which has jurisdiction pursuant to 28 U.S.C. § 1332.

### III.     Contentions of the Parties

#### A.     The Plaintiff's Contentions

The plaintiff contends that he owns the property. He asserts that the defendant does not hold the Note, and he asks the Court to declare the Deed of Trust invalid. He asserts claims for breach of contract and violations of the Texas Property Code and the Texas Declaratory Judgment Act ("TDJA").[1] He seeks injunctive and declaratory relief.

#### B.     The Defendant's Contentions

The defendant contends that the Gaines and the plaintiff breached the Note and Deed of Trust, and that the defendant complied with the requisite notice period before foreclosing on the property. It claims to have authority to have foreclosed, and it avers that the TDJA inapplicable.

---

[1] TEX. CIV. PRAC. & REM. CODE § 15.011, chap. 37.

It asserts that, without a substantive claim, the plaintiff's injunctive relief claim fails as a matter of law.

## IV. Standard of Review

Federal Rule of Civil Procedure 56 authorizes summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to that party's case and on which that party bears the burden at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*). The movant bears the initial burden of "informing the Court of the basis of its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323; *see also, Martinez v. Schlumber*, *Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003). Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

If the movant meets its burden, the burden then shifts to the nonmovant to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996) (citing *Tubacex*, *Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995); *Little*, 37 F.3d at 1075). "To meet this burden, the nonmovant must 'identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s].'" *Stults*, 76 F.3d at 656 (quoting *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994)). The nonmovant may not satisfy its burden "with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little*, 37 F.3d at 1075 (internal quotation marks and citations omitted). Instead, it "must set forth specific facts showing the

existence of a 'genuine' issue concerning every essential component of its case." *American Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (quoting *Morris v. Covan World Wide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998)).

"A fact is material only if its resolution would affect the outcome of the action . . . and an issue is genuine only 'if the evidence is sufficient for a reasonable jury to return a verdict for the [nonmovant].'" *Wiley v. State Farm Fire and Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009) (internal citations omitted). When determining whether the nonmovant has established a genuine issue of material fact, a reviewing court must construe "all facts and inferences . . . in the light most favorable to the [nonmovant]." *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005) (citing *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 568 (5th Cir. 2003)). Likewise, all "factual controversies [are to be resolved] in favor of the [nonmovant], but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Boudreaux*, 402 F.3d at 540 (citing *Little*, 37 F.3d at 1075 (emphasis omitted)). Nonetheless, a reviewing court may not "weigh the evidence or evaluate the credibility of witnesses." *Boudreaux*, 402 F.3d at 540 (citing *Morris*, 144 F.3d at 380). Thus, "[t]he appropriate inquiry [on summary judgment] is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Septimus v. Univ. of Houston*, 399 F.3d 601, 609 (5th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)).

The plaintiff in this case has not filed a response to the defendant's motion for summary judgment. According to this Court's local rules, responses to motions are due within twenty-one days unless the time is extended. S.D. Tex. L.R. 7.3. A failure to respond is "taken as a representation of no opposition." S.D. Tex L.R. 7.4. Notwithstanding the plaintiff's failure to

file a response, summary judgment may not be awarded by default. *See Hibernia Nat'l Bank v. Admin. Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). "A motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule." *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n.3 (5th Cir. 1995) (citing *Hibernia Nat'l Bank*, 776 F.2d at 1279). To this end, the defendant, as "[t]he movant[,] has the burden of establishing the absence of a genuine issue of material fact and, unless [it] has done so, the court may not grant the motion, regardless of whether any response was filed." *See Hetzel*, 50 F.3d at 362 n.3. Nevertheless, in determining whether summary judgment is appropriate, a district court may accept as undisputed the facts set forth in the motion. *See Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988) (internal citations omitted).

### V. Analysis and Discussion

The Court grants the defendant's motion. The parties do not dispute that the loan was in default and remained in default, and the defendant complied with the requisite notice period. The plaintiff's declaratory and injunctive relief claims fail because the parties do not dispute that the defendant serviced the Note for several years, and as servicer, it was entitled to foreclose on the Property.

#### A. Breach of Contract

The Court grants the defendant's motion regarding the plaintiff's breach of contract claim. The essential elements of a breach of contract claim are: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of contract by the defendant; and (4) damages sustained as a result of the breach." *Williams v. Unifund CCR Partners Assignee of Citibank*, 264 S.W.3d 231, 235-36 (Tex. App. – Houston [1st Dist.] 2008, no pet.).

The plaintiff cannot establish the second or third elements of his breach of contract claim. *See Williams*, 264 S.W.3d at 235-36. As to the second element, the plaintiff did not perform because he allowed the loan to go into default. "[A] party to a contract cannot enforce it or recover damages for its breach unless that party shows that he or she or it has performed the obligations imposed upon him or that he or she has offered to perform them and was able to do so or unless the party shows some valid excuse for failure to perform." *Carr v. Norstock Bldg. Sys.*, 767 S.W.2d 936, 939 (Tex. App. – Beaumont 1989, no writ). Stated differently, "a party who fails to perform his obligation may not thereafter enforce the remaining terms of the contract against the other party." *Interceramic, Inca v. South Orient R.R. Co., Ltd.*, 999 S.W.2d 920, 924 (Tex. App. – Texarkana 1999, pet. denied) (internal citations omitted). The plaintiff breached the terms of the Note and Deed of Trust by defaulting, and he failed to cure the default prior to foreclosure.

As to the third element, the plaintiff cannot show how the defendant breached any contract between the parties. *See Williams*, 264 S.W.3d at 235-36. The plaintiff bases his claim on the defendant's alleged failure to comply with the requisite notice period before foreclosing on the Property. A lender must serve a debtor in default under a deed of trust with written notice of default and give at least twenty days to cure the default before accelerating the loan and giving notice of foreclosure. TEX. PROP. CODE § 51.002(d).

The plaintiff's breach of contract claim fails as a matter of law because the defendant gave the plaintiff twenty-six days' notice – from May 12, 2011 to June 7, 2011. Pursuant to the Deed of Trust's terms, the defendant sent said notice to the Property address via certified mail. Actual receipt of foreclosure notices is not required for a valid foreclosure sale. *Onwuteaka v. Cohen*, 846 S.W.2d 889, 892 (Tex. App. – Houston [1st Dist.] 1993, writ den.) (internal citations

omitted). Rather, notice requirements are satisfied so long as the notice is deposited for delivery to the debtor's last known address via certified mail. TEX. PROP CODE § 51.002(e). Because the undisputed evidence shows that the defendant sent the plaintiff sufficient advance notice of the scheduled foreclosure sale via certified mail, the Court grants the defendant's motion on this claim.

### B. Declaratory Relief

The Court grants the defendant's motion regarding the plaintiff's claim for declaratory relief. The defendant, as the servicer[2] of the Note, was authorized to appoint a substitute trustee in connection with the non-judicial foreclosure proceeding. *See* TEX. PROP. CODE §§ 51.0025, 51.0075. The defendant is not required to possess the original Note to initiate foreclosure because the "show-me-the-note" theory is not viable under Texas law. *See* TEX. PROP. CODE § 51.002; *Wells v. BAC Home Loans Servicing L.P.*, No. W-10-CA-350, 2011 WL 2163987, *2-3 (W.D. Tex. April 26, 2011) (internal citations omitted). In Texas, "[w]here there is a debt secured by a note, which is, in turn, secured by a lien, the lien and the note constitute separate obligations." *Wells*, 2011 WL 2163987 at *2 (quoting *Aguero v. Ramirez*, 70 S.W.3d 372, 374 (Tex. App. – Corpus Christi 2002, pet. denied)). Therefore the defendant, as the mortgage servicer, need not have the Note in order to foreclose.

Under Texas law, a declaratory judgment "is only appropriate if (1) a justifiable controversy exists as to the rights and status of the parties; and (2) the controversy will be resolved by the declaration sought." *Texas Dept. of Pub. Safety v. Moore*, 985 S.W.2d 149, 153 (Tex. App. – Austin 1998, no pet.) (internal citations omitted). Here, the plaintiff has not identified any justiciable controversy concerning the Note or Deed of Trust over which there is

---

[2] *See* Tex. Prop. Code § 51.0001(3) (defining "mortgage servicer" as "the last person to whom a mortgagor has been instructed by the current mortgagee to send payments for the debt secured by a security instrument").

any genuine factual dispute. The plaintiff does not dispute that he and/or Gaines made payments to the defendant for several years in its capacity as a mortgage servicer. Therefore, the Court denies the plaintiff's request for a declaration that the defendant is not the mortgage servicer, because the plaintiff's own conduct betrays otherwise.

### C. Injunctive Relief

The plaintiff's claim for injunctive relief fails as a matter of law. A request for injunctive relief, absent a cause of action supporting the entry of a judgment, is fatally defective and does not state a claim. *Buntaru v. Ford Motor Co.*, 84 S.W.3d 198, 210 (Tex. 2002). Thus, the Court grants the defendant's motion regarding the plaintiff's claim for injunctive relief.

## VI. Conclusion

Based on the foregoing discussion, the Court GRANTS the defendant's motion.

It is so **ORDERED**.

SIGNED at Houston, Texas this 21st day of May, 2012.

                        Kenneth M. Hoyt
                        United States District Judge